# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEREK HEADRICK,**

    Plaintiff,

v.                                        Case No. 19-CV-1127

**JOHN MANLOVE,** *et al.***,**

    Defendants.

## SCREENING ORDER

Plaintiff Derek Headrick, an inmate confined at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Headrick's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Headrick's motion to proceed without prepaying the filing fee and to screen the complaint in light of Headrick's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Headrick was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows

the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 6, 2019, the court ordered Headrick to pay an initial partial filing fee of $12.31. (ECF No. 5.) Headrick paid that fee on August 16, 2019. The court will grant Headrick's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim,

2

a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Headrick's Allegations*

Headrick alleges that defendant Dr. John Manlove referred him to a pain clinic to address his complaints of pain following a spinal surgery. He asserts that Dr. Manlove did not make sure the appointment was scheduled. He also asserts that John and Jane Doe defendants did not schedule the appointment. According to Headrick, defendant Jane Marchant supervises the Doe defendants and is responsible for their failure to schedule an appointment under a theory of *respondeat superior*. Although

3

Headrick does not expressly state so, the court assumes that he continued to experience pain as a result of not being able to go to the pain clinic as prescribed.

*2.3 Analysis*

For a prison official to be personally liable, he must have participated in some way with the alleged constitutional violation. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion Cnty.,* 327 F.3d 588, 594 (7th Cir. 2003). This generally means that a person will not be held liable for the misdeeds of their coworkers.

Headrick concedes that Dr. Manlove responded to his complaints of pain by referring him to a pain clinic. Headrick's only basis for stating a claim against Dr. Manlove is that he did not "make sure an appointment was scheduled." (ECF No. 1 at 2. Headrick acknowledges, however, that it was not Dr. Manlove's responsibility to schedule the appointment. Scheduling appointments is an administrative function for which the Doe defendants were responsible. Accordingly, Headrick cannot state a claim against Dr. Manlove on the basis that the Doe defendants failed to schedule an appointment.

Headrick also fails to state a claim against Marchant. The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a

4

supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. Headrick explains that he is suing Marchant because she supervises the Doe defendants. This, on its own, is not enough for Headrick to state a claim against under § 1983.

Finally, Headrick fails to state a claim against the Doe defendants based on his allegations that they failed to schedule an appointment for him at the pain clinic. To state a claim under the Eighth Amendment, a plaintiff must allege that: "(1) the harm that befell [him was] objectively, sufficiently serious and a substantial risk to [] her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760–61 (7th Cir. 2006). "[N]egligent or inadvertent failure to provide adequate medical care is insufficient to state a deliberate indifference claim…." *Gil v. Reed*, 381 F.3d 649, 661 (7th Cir. 2004).

Under the federal notice pleading standard, a plaintiff must give only a plain and short statement of his claim, which means that a plaintiff need only give a defendant fair notice of the grounds upon which his claim rests. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and

5

conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Headrick has not pleaded facts to support a reasonable inference that the Doe defendants' failure to schedule an appointment at the pain clinic was due to deliberate indifference rather than simply due to negligence. To state a deliberate-indifference claim, Headrick must provide the court with factual allegations that would support a conclusion that the Doe defendants did not simply make a mistake, but rather that they consciously disregarded the risk of harm that would befall Headrick when they failed to schedule the appointment.

Although Headrick cannot proceed against the Doe defendants on his claim as alleged, the court will allow him to file an amended complaint to provide the court with sufficient factual support for his claim that the Doe defendants were deliberately indifferent to his serious medical condition when they failed to schedule the appointment. If Headrick concludes that their failure to schedule the appointment was merely a mistake or inadvertent, he may voluntarily dismiss this case. If he

voluntarily dismisses this case, the court will not assess a strike under 28 U.S.C. § 1915(g) based on his failure to state a claim.

3. Conclusion

**THEREFORE, IT IS ORDERED** that Headrick's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that Headrick may file an amended complaint that complies with the instructions in this order on or before **September 27, 2019**. If Headrick files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Headrick does not file an amended complaint or does not move to voluntarily dismiss his complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Headrick a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Headrick shall collect from his institution trust account the $337.69 balance of the filing fee by collecting monthly payments from Headrick's prison trust account in an amount equal to 20% of the preceding month's income credited to Headrick's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly

identified by the case name and number assigned to this case. If Headrick is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Headrick is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Headrick is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 26th day of August, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge