# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEREK HEADRICK,**

    Plaintiff,

  v.                                     Case No. 19-CV-1127

**CHRYSTAL MELI, et al.,**

    Defendants.

## ORDER

Plaintiff Derek Headrick, who is representing himself, filed a complaint under 42 U.S.C. § 1983. The Prison Litigation Reform Act (PLRA) applies to this case because Headrick was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints filed by prisoner-plaintiffs to identify cognizable claims. On August 26, 2019, the court screened Headrick's complaint, found that he failed to state a claim, and gave him the opportunity to file an amended complaint. Headrick filed an amended complaint on September 5, 2019. A couple of weeks later, the court screened the amended complaint and allowed Headrick to proceed on a deliberate-indifference claim against defendant Chrystal Meli and John and Jane Does.

On November 18, 2019, Meli filed her answer to Headrick's amended complaint. The next day, the court entered a scheduling order setting deadlines for discovery, the identification of the Doe defendants, and the filing of dispositive motions.

On November 22, 2019, Headrick inquired about the procedures for filing an amended complaint. (ECF No. 22.) He wonders whether he needs the court's permission to file a second amended complaint. Under Fed. R. Civ. P. 15(a)(1), "A party may amend its pleading once as a matter of course within: … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Headrick acknowledges that he has already amended his complaint; however, he notes that it was in response to the court's order and was months prior to the defendant filing her responsive pleading. He wonders if he may amend his complaint again, without the court's permission, now that the defendant has filed her answer. Rule 15 does not contemplate a court's obligation to screen a prisoner-plaintiff's complaint prior to a defendant's responsive pleading, so the impact of a court screening a complaint on a plaintiff's opportunity to amend his complaint without the court's permission is not obvious from the text of the rule.

Rule 15 states that a plaintiff may amend his pleading "once" after service of a motion under Rule 12(b). This allows a plaintiff to correct deficiencies in his complaint that have been identified by a defendant. As noted in the court's screening order, when screening a complaint, the court applies the same standard that applies to dismissals under Rule 12(b)(6). In effect, when screening a complaint, the court anticipates and rules on the arguments a defendant could have raised under Rule 12(b) had the defendant been served with the complaint. Accordingly, the court's screening order provides a prisoner-plaintiff with the same notice of deficiencies that a defendant's motion under Rule 12(b) would provide.

Thus, Headrick has already received the one opportunity that Rule 15 provides all plaintiffs to cure deficiencies in their complaint. Accordingly, if Headrick wants to file a second amended complaint, he can do so only with the court's permission. The court notes that Civil L. R. 15 requires that a motion to amend a complaint notify the court of the proposed changes and the proposed amended complaint be filed as an attachment to the motion. In his motion to amend, Headrick should identify every difference between his amended complaint and his proposed second amended complaint. He also should attach his proposed second amended complaint to his motion. The second amended complaint must be complete in and of itself, without reference to or reliance on prior complaints.

The court will grant Headrick's motion to file a second amended complaint only in the absence of deficiencies "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party by virtue of allowance of the amendment, futility of the amendment, *etc*." *Foman v. Davis*, 371 U.S. 178, 182 (1962). If the court grants his motion to file a second amended complaint, the court will screen the second amended complaint as required by the PLRA.

**THEREFORE, IT IS ORDERED** that, if Headrick wants to file a second amended complaint, he must do so by **December 23, 2019**, consistent with the requirements of Civil L. R. 15.

Dated in Milwaukee, Wisconsin this 25th day of November, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge