# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEREK HEADRICK,**

    Plaintiff,

v.                                                  Case No. 19-CV-1127

**CHRYSTAL MELI,** *et al.***,**

    Defendants.

## ORDER

Plaintiff Derek Headrick is representing himself in this civil rights case. On September 19, 2019, the court screened his amended complaint and allowed him to proceed on a claim under the Eighth Amendment based on his allegations that, following a referral from his primary care physician, the defendants failed to schedule an appointment at the pain clinic despite him repeatedly informing them that he was in severe pain. (ECF No. 13 at 3-4.) Headrick did not know all the names of those responsible for scheduling appointments, so the court allowed him to use a John and Jane Doe placeholder. The court informed Headrick to notify the court once he learned the names of the Doe defendants.

On December 20, 2019, Headrick moved to file a second amended complaint. (ECF No. 24.) As required by the court's local rules, he included a proposed second amended complaint along with his motion. Hendrick identifies one of the people responsible for scheduling appointments as Tia Hague. He also seeks to add a claim

based on events that happened after he filed his original complaint. Specifically, Headrick alleges that he visited the pain clinic on October 30, 2019. (ECF No. 24-1 at ¶ 18.) At that appointment, Dr. Choi (who is not a current or proposed defendant) allegedly suggested that minor surgery could help alleviate Headrick's pain. (*Id.*) According to Headrick, Dr. Choi did not offer any other pain relief. (*Id.*) Dr. Choi referred Headrick to an orthopedic specialist for his shoulder pain and told Headrick that he needed get approval for the minor surgery. (*Id.*) Dr. Choi also allegedly told Headrick a second appointment at the clinic would be necessary. (*Id.*)

For the reasons explained below, Headrick fails to state additional claims in his proposed second amended complaint, so he would gain nothing were the court to grant his motion. Accordingly, the court will not allow him to amend his first amended complaint in the way he proposes because doing so would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Prison Litigation Reform Act (PLRA) applies to this case because Headrick was incarcerated when he initiated this lawsuit. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A plaintiff need not allege facts addressing the affirmative defense of exhaustion in his complaint; however, when it is obvious from the face of a complaint that a plaintiff did not exhaust the available administrative remedies before he initiated his lawsuit, a court may dismiss the complaint for failure to state a claim.

*See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Reimann v. Frank*, 397 F. Supp. 2d 1059, 1074–75 (W.D. Wis. 2005).

Headrick initiated this lawsuit on August 5, 2019. He now seeks to state a new claim based on his allegations that the defendants are delaying approving and/or scheduling surgery. According to Headrick, Dr. Choi did not recommend surgery until October 30, 2019, nearly three months *after* Headrick initiated this lawsuit. Accordingly, it is plain from the face of Headrick's proposed second amended complaint that he did not exhaust the available administrative remedies regarding his proposed claim before he initiated this lawsuit. Headrick cannot proceed on that claim in this case.

To be clear, Headrick's claim that the defendants delayed scheduling an appointment at the pain clinic after his primary care physician recommended an appointment is distinct from his proposed claim that the defendants are delaying approving and/or scheduling surgery following Dr. Choi's recommendation. If Headrick wants to pursue the latter claim, he must first exhaust the available administrative remedies as to that claim.

In his proposed second amended complaint Headrick also seeks to sue the defendants in their official capacities so that he may obtain injunctive relief. Headrick does not specify the injunctive relief he desires, but the court notes that he appears to have already received the only injunctive relief he can obtain in connection with his claim that the defendants delayed scheduling him for an appointment at the pain clinic. Shortly after Headrick filed his amended complaint, he sought preliminary

3

injunctive relief—that is, he asked that an appointment be scheduled at the pain clinic. (ECF No. 10.) Shortly thereafter, defendant Chrystal Meli notified the court that Headrick's appointment had been scheduled, as a result of which the court denied his motion for preliminary injunctive relief as moot. (ECF No. 16 at 1-2; ECF No. 19.) Headrick's proposed second amended complaint confirms he had an appointment at the pain clinic on October 30, 2019. (ECF No. 24-1 at ¶ 18.) Given that the appointment has occurred, it appears that the only relief available to Headrick is monetary damages for the pain and suffering he allegedly endured during the delay.

To the extent Headrick wants the court to order the defendants to schedule surgery based on Dr. Choi's recommendation, he cannot obtain that relief in this case. A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citations omitted)); *see Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). As already explained, Headrick cannot proceed with a claim based on the defendants' alleged delay in scheduling surgery because he did not exhaust the available administrative remedies in connection with that claim before he initiated this lawsuit. In short, he fails to state a claim against the defendants in their official capacities.

Finally, in light of Headrick identifying Tia Hague as one of the people responsible for scheduling appointments, the court will direct the clerk's office to add

4

her as a defendant. The court will leave the John and Jane Doe placeholders in the case for now. As ordered in the scheduling order, Headrick must identify any remaining Doe defendants by January 20, 2020, or explain to the court why he is unable to do so. (ECF No. 21 at 1.)

**THEREFORE, IT IS ORDERED** that Headrick's motion to amend/correct his complaint (ECF No. 24) is **DENIED without prejudice**.

The court **DIRECTS** the clerk's office to add Tia Hague as a defendant. The clerk's office may leave the John and Jane Doe placeholders in place to allow Headrick to identify additional defendants, if any, by January 20, 2020. If the court does not hear from Headrick by the deadline, the court will terminate the John and Jane Doe placeholders without further notice to Headrick.

**IT IS FURTHER ORDERED** that, under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the amended complaint (ECF No. 9), the court's screening order (ECF No. 13), and this order will be electronically transmitted to the Wisconsin Department of Justice for service on defendant Tia Hague. It is **ORDERED** that, under the informal service agreement, Hague shall file a responsive pleading to the amended complaint within 60 days.

Dated in Milwaukee, Wisconsin, this 7th day of January, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge