UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEREK HEADRICK,

          Plaintiff,

v.                                    Case No. 19-CV-1127

TYA HAGUE,

          Defendant.

## DECISION AND ORDER

Plaintiff Derek Headrick, who is representing himself and confined at Waupun Correctional Institution, brings this lawsuit under 42 U.S.C. § 1983. Headrick alleges that the defendant, Tya Hague, violated his constitutional rights when she delayed in scheduling his appointment with an outside pain specialist. Headrick had also been allowed to proceed on Eighth Amendment deliberate indifference claims against Jessica Laning, Chrystal Meli, and Donna Larson, but Headrick voluntarily dismissed those claims. (*See* ECF No. 105.) Hague has filed a motion for summary judgment (ECF No. 98). The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 7, 62.)

## FACTS

Plaintiff Derek Headrick, who at all relevant times was an inmate at Waupun, has degenerative disc disease, which since early 2014 has caused him pain in his neck and spine. (ECF No. 102-3 at 4, 11:18-22; ECF No. 100, ¶ 1.) Since January 2015

Headrick's neck and spine pain was being treated by non-defendant Dr. Manlove, who was the resident doctor at Waupun. (ECF No. 100, ¶ 10.) In April 2016 Headrick had spinal surgery at Waupun Memorial Hospital. (*Id.*, ¶ 11.) After the surgery Headrick still experienced pain and continued to seek treatment from Dr. Manlove. (*Id.*, ¶ 12; ECF No. 102-3 at 6, 21:14-15.) At some point Dr. Manlove referred Headrick to an outside pain specialist—specifically, to non-defendant Dr. Choi. (ECF No. 102-3 at 7, 24:14-25.) Headrick first saw Dr. Choi on November 30, 2018, and at that appointment Dr. Choi laser-burned one of Headrick's nerve endings to see if it would alleviate any of his pain. (*Id.*, 25:1-23.) The procedure provided Headrick with a couple of hours of pain relief. (*Id.* at 7-8; 25:24-26:7.)

Headrick then saw Dr. Manlove on December 1, 2018, at which appointment Dr. Manlove put in a referral for Headrick to have another visit with Dr. Choi. (ECF No. 102-3 at 9, 30:12-19, 31:3-12.) Once a doctor at Waupun puts in for a referral for an inmate to go see a specialist, the referral goes to a scheduler, who arranges outside appointments with specialists. (ECF No. 100, ¶ 16.) Hague was a scheduler at Waupun in 2018 and 2019. (*Id.*, ¶ 5.)

It is undisputed that Hauge did not become involved in scheduling Headrick's appointment with Dr. Choi until July 16, 2019, when she received an email from Chrystal Marchant (now Chrystal Meli) directing her to "move Headrick . . . up on the list to see Dr. Choi," meaning that Hague should move Headrick up on the waiting list of inmates who needed to see outside specialists. (ECF No. 102-1; ECF No 114, ¶¶ 40, 44.)

2

Case 2:19-cv-01127-WED   Filed 01/24/22   Page 2 of 9   Document 119

It is also undisputed that Headrick did not see Dr. Choi again until October 30, 2019. (ECF No. 114, ¶ 48.) Headrick asserts that Hague unreasonably delayed in making the appointment with Dr. Choi. (ECF No. 113, ¶ 7.) Hague states that Headrick "does not know the process of referral or recommendation for outpatient appointments" and that Headrick "was aware and knew of off-site security requirements and limitations on outpatient appointments" and that "such appointments may take time to be set due to the outpatient provider's schedule." (ECF No. 100, ¶¶ 31, 42.) However, Hague does not present any facts explaining what steps she took, and when she took them, to schedule Headrick's appointment with Dr. Choi. Nor does she set forth any facts identifying any difficulties or challenges she faced in scheduling Headrick's appointment with Dr. Choi.

At the October 30, 2019 appointment with Dr. Choi, Headrick did not receive any treatment. (ECF No. 102-3 at 11, 40:7-10.) The appointment was a follow-up to discuss the effectiveness of laser-burning the nerve endings. (*Id.*, 40:11-14.) Headrick eventually had all of his nerve endings laser-burned in October 2020. (*Id.*, 40:16-18.) However, the procedure appeared to be ineffective, and as of his deposition on February 5, 2021, Headrick was in worse pain than he was in November 2018 and October 2019. (*Id.*, 40:17-25.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Headrick claims that Hague violated his Eighth Amendment rights by not timely scheduling his follow-up appointment with Dr. Choi after receiving Meli's email ordering her to move Headrick up on the waiting list. A prison official violates the

4

Eighth Amendment when she is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The parties do not dispute that Headrick's degenerative disc disease and the resultant pain was an objectively serious medical condition. Thus, the only issue is whether Hague was deliberately indifferent to his condition. "'Deliberate indifference' requires a 'subjective state of mind' somewhere between negligence and intention. To show deliberate indifference, 'a plaintiff must provide evidence that an official *actually* knew of and disregarded a substantial risk of harm.'" *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016)).

Three and a half months passed between the time Hague was first made aware of the need to schedule Headrick to see Dr. Choi and when Headrick was finally able

5

to see Dr. Choi. Although Hague argues that Headrick is unfamiliar with the challenges someone in her position faces when scheduling inmates to see outside specialists, she does not point to any such challenges she faced in scheduling Headrick's appointment or explain why it took three and a half months to get Headrick in to see Dr. Choi. She mentions generally that there were off-site security limitations and that outside providers' schedules were limited, but she does not explain how those limitations prevented her from heduling Headrick's appointment earlier. Without any facts from Hague explaining the steps she took to schedule Headrick's appointment earlier, a factual dispute exists as to whether she was deliberately indifferent and unnecessarily delayed setting up the follow-up appointment with Dr. Choi.

However, even if Hague's actions constituted deliberate indifference, Headrick has not demonstrated that he suffered an injury as a result of Hague's actions. *See Gabb*, 945 F.3d at 1033 (holding that the court did not need to decide whether defendants were deliberately indifference because the plaintiff did not show an injury as a result of their actions.) For a § 1983 claim to survive summary judgment, a plaintiff "must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (quoting *Elyea*, 631 F.3d at 864) (emphasis in original).

In *Gabb v. Wexford Health Sources, Inc.*, the plaintiff experienced chronic back pain for several years. 945 F.3d at 1030-1031. The defendants pursued a course of conservative treatment and failed to send the plaintiff to a specialist. *Id*. The Seventh

6

Circuit Court of Appeals held that, even though the defendants' actions may have amounted to deliberate indifference, they could not be held liable because the evidence demonstrated that "*any* course of treatment, be it as simple as referral to a chiropractor or as involved as surgery at the finest hospitals in Illinois, would [not] have provided [the plaintiff] any relief from his chronic back pain." *Id.* at 1033. In other words, because the defendants' action or inaction did not negatively impact the plaintiff's condition, he was not harmed. *Id.* 1033-34. Because he was not harmed, the plaintiff was not entitled to recovery under § 1983. *Id.* at 1034.

As in *Gabb*, Headrick's deposition testimony demonstrates that, even if Hague had scheduled the appointment for July 17, 2019, the day after she received Meli's email, he would not have had any relief from pain. Headrick testified that even after he had the laser-burning procedure in October 2020 he was in worse pain than he was in late 2018, when he was first referred for a follow-up with Dr. Choi, and October 2019, when he finally got his appointment. Thus, like the plaintiff in *Gabb*, because Headrick has not demonstrated he was harmed by any delay in seeing Dr. Choi, he is not entitled to recovery under § 1983. Summary judgment is granted in Hague's favor.

## CONCLUSION

For the foregoing reasons, the Hague's motion for summary judgment is granted. The case is dismissed.

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No.98) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 24th day of January, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge